UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

COLETTE WILSON,
and other similarly-situated individuals,

    Plaintiff(s),

v.

SIMON PROPERTY GROUP, L.P.,

    Defendants.
_____/

## COMPLAINT

(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff, COLETTE WILSON ("Plaintiff") and other similarly-situated individuals, by and through the undersigned counsel, and sues Defendants and alleges:

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement)("the Act").

2. Plaintiff is a resident of Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiffs are covered employees for purposes of the Act.

3. Defendant, SIMON PROPERTY GROUP, L.P. ("Defendant") a Foreign Limited Partnership doing business in Palm Beach County Florida where Plaintiff worked for Defendant and at all times material hereto were and are engaged in interstate commerce.

## COUNT I: WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST BRC

4. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-3 above as if set out in full herein.

5. This action is brought by Plaintiffs and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

6. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in

excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

7. By reason of the foregoing, the Employer/Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated was and/or is engaged in interstate commerce for Defendant. Defendant business activities involve those to which the Fair Labor Standards Act applies. The Defendant is a property management company. Plaintiff was employed by Defendants as a guest service representative for Defendant's business.

8. While employed by Defendant, Plaintiff worked an average of 50 hours a week without being compensated at the rate of not less than one and one half times the regular rate at which he/she was employed. Plaintiff was employed as a customer service representative personnel performing the same or similar duties as that of those other similarly-situated laborer who Plaintiff observed working in excess of 40 hours per week without overtime compensation. Plaintiff was instructed by her supervisor to work approximately 10 to 12 hours a week off the clock without any pay.

9. Plaintiff was paid approximately $10.00 an hour from 2010 through October 29, 2012 but was not properly compensated for straight or overtime wages for the hours that she worked in excess of 40 hours per week.

10. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at

the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

11. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

12. Defendant willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

13. Plaintiff has retained the law offices of the undersigned attorney to represent them in this action and is obligated to pay a reasonable attorneys' fee.

WHEREFORE, Plaintiffs and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendant on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

and other Federal Regulations; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F. Plaintiff seeks a declaratory judgment against this Defendant pursuant to 28 U.S.C. Section 2201.

G. Plaintiff demands a trial by jury.

## JURY DEMAND

Plaintiffs and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT II: FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE OF PLAINITFF PURSUANT TO 29 U.S.C. 215(A)(3).

19. Plaintiffs re-adopts each and every factual allegation as stated in paragraphs 1-13 above as if set out in full herein.

20. This action arises under the laws of the United States.

21. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

22. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate..."

23. On or about October of 2012, Plaintiff complained about not receiving overtime wages to the Defendant through the manager and shortly thereafter Defendant fired Plaintiff in retaliation for the complaint.

24. The motivating factor which caused Plaintiff's discharge as described above was the complaint seeking overtime wages from the Defendant.

25. The Defendant's termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (A)(3) and, as a direct result, Plaintiff has been damaged.

WHEREFORE, Plaintiff requests that this Honorable Court:

Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorney's fees, costs, and;

A. Reinstatement and promotion and injunctive relief prohibiting the Defendants from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages until Plaintiff becomes 65 years of age as well as all other damages recoverable by law 29 U.S.C. 216(b).

B. Plaintiff demands a trial by jury as to each count of this complaint.

JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

### COUNT III – VIOLATION OF FLORIDA'S WAGE PAYMENT LAW, §448.108, FLORIDA STATUTES AS TO DEFENDANTS

16. Plaintiff reasserts the allegations in paragraphs 1-13 above as if fully set forth herein.

17. Plaintiff performed services as reflected above for Defendant up through the day and time they were terminated from employment and had accordingly earned the monies, including, but not limited to, their base pay, bonuses and vacation pay, for which they seek recovery.

18. At all times material hereto, Defendants failed to comply with Florida's wage payment law, Section 448.08, Florida Statutes, by failing to pay Plaintiffs their regular compensation for work performed by Plaintiffs for Defendant within period allowed by law to collect unpaid minimum wages.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court award them their unpaid compensation, interest, attorney's fees and costs, and all other remedies allowable by law. Plaintiff requests a trial by jury.

Dated: 9-6-13

Respectfully submitted,

**REMER & GEORGES-PIERRE, PLLC**
44 W. Flagler Street
Suite 2200
Miami, Florida 33130
Tel. (305) 416-5000
Fax: (305) 416-5005

By: _____
Jason S. Remer, Esq.
Florida Bar Number: 0165580