<u>**CONFIDENTIAL GENERAL RELEASE AND
SETTLEMENT AGREEMENT**</u>

This Confidential Settlement Agreement and General Release ("AGREEMENT") is entered into by and between COLETTE WILSON ("WILSON") and SIMON PROPERTY GROUP, L.P. ("SIMON PROPERTY GROUP") (collectively, "Parties").

<u>**RECITALS**</u>

This AGREEMENT is made with reference to the following facts:

A.   **WHEREAS,** WILSON filed a lawsuit against SIMON PROPERTY GROUP that is currently pending in the United States District Court for the Southern District of Florida and bears the case number *Case No. 13-VC-80908-RYSKAMP* (the "Action").

B.   **WHEREAS,** SIMON PROPERTY GROUP denies the validity of WILSON's claims, in the Action and denies that it is subject to any liability; and

C.   **WHEREAS,** all Parties wish to settle their differences including all potential differences that arise out of or relate to WILSON's employment, separation of employment or the Action.; and

**NOW THEREFORE,** in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them:

1.   **Recitals:**  The Parties acknowledge that the "WHEREAS" clauses preceding paragraph 1 are true and correct, and are incorporated herein as material parts to this AGREEMENT.

2.   **Definitions:**  Throughout this AGREEMENT, the term "SIMON PROPERTY GROUP" shall include the following:

   (A)   SIMON PROPERTY GROUP, LP., as well as any subsidiary, parent company, affiliated entity, related entity, operating entity, franchise, or division of SIMON PROPERTY GROUP, L.P, and

   (B)   Any partner, member, officer, director, trustee, agent, employee, shareholder, or insurer of an entity encompassed by subparagraph (a).

1

3. **Settlement Sum:** As consideration for signing this AGREEMENT and compliance with the promises made herein, SIMON PROPERTY GROUP agrees to pay to WILSON Thirty-Seven Thousand Five Hundred and 00/100 Dollars ($37,500.00), less lawful deductions and applicable tax withholdings (the "Settlement Payment"). The parties agree that of this amount, $5,000 (inclusive of fees and costs) is allocated to WILSON's FLSA unpaid wages claim; the remainder is allocated to her retaliation claim. This sum shall payable by checks, and be allocated as follows:

    (A) FIFTEEN THOUSAND FOUR HUNDRED AND SIXTY DOLLARS AND ZERO CENTS ($15,460.00) shall be made payable as attorney's fees and costs to WILSON's legal counsel: Remer & Georges-Pierre, PLLC, Federal Tax I.D. No. 36-4623742.

    (B) ELEVEN THOUSAND AND TWENTY DOLLARS AND ZERO CENTS ($11,020.00), from which all applicable state and federal taxes will be withheld, shall be made payable to WILSON as wage-based damages to WILSON for which a W-2 shall be issued.

    (C) ELEVEN THOUSAND AND TWENTY DOLLARS AND ZERO CENTS ($11,020.00), shall be made payable to WILSON as compensatory damages to WILSON for which a 1099 shall be issued.

    SIMON PROPERTY GROUP shall provide the consideration identified in Paragraph 3 fifteen (15) days following Simon Property Group's receipt of (1) the signed AGREEMENT; (2) fully completed tax forms [for WILSON (W-4) and her counsel (W-9)]; and (3) the entry of an order approving the settlement and dismissing the Action, with prejudice, provided WILSON has not revoked the release of claims under Paragraph 24.

4. **Consideration:** WILSON understands and agrees that she would not receive the monies and/or benefits specified in paragraph 3, above, but for her execution of this AGREEMENT and the fulfillment of the promises contained herein.

5. **General Release of Claims:** In exchange for, and in consideration of, the payments, benefits, and other commitments described above, which is being executed contemporaneously with this AGREEMENT, WILSON, for herself and for each of her heirs, executors, administrators, and assigns, hereby fully releases, acquits, and forever discharges SIMON PROPERTY GROUP, Boynton-JCP Associates, Ltd., Boynton Beach Mall, LLC, Washington Prime Group, L.P., Washington Prime Group, Inc., and each of their predecessors, successors and assigns, parent corporations, subsidiary corporations, affiliated corporations, related entities, members, managers, and the officers, directors, shareholders, partners, employees, attorneys and agents, past and present, of each of the aforesaid entities (collectively, "Releasees") of and from any and all claims, liabilities, causes of action, damages, costs, attorneys' fees, expenses, and compensation whatsoever, of whatever kind or nature, in law, equity or otherwise, whether known or unknown, vested or contingent, suspected or unsuspected (collectively, "Claims"), that WILSON may now have, has ever had, or hereafter may have relating directly or indirectly to the allegations in the Action, including, but not limited to, claims for wages, back pay, front pay, reinstatement, damages, or benefits. WILSON also releases any and all Claims she may have that arose prior to the date of this AGREEMENT, and hereby specifically waives and releases all Claims, including, but not limited to, those arising under the Florida Civil Rights Act; Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991; the Equal Pay Act; the Americans With Disabilities Act of 1990; the Rehabilitation Act of 1973, as amended; the Age Discrimination in Employment Act, as amended; Sections 1981 through 1988 of Title 42 of the

United States Code, as amended; the Immigration Reform and Control Act, as amended; the Workers Adjustment and Retraining Notification Act, as amended; the Occupational Safety and Health Act, as amended; the Sarbanes-Oxley Act of 2002; the Consolidated Omnibus Budget Reconciliation Act (COBRA); the Employee Retirement Income Security Act of 1974, as amended; the National Labor Relations Act; and any and all state or local statutes, ordinances, or regulations, as well as all claims arising under federal, state, or local law involving any tort, employment contract (express or implied), public policy, wrongful discharge, or any other claim. WILSON also releases any and all claims she may have that arose prior to the date of this AGREEMENT under the Family and Medical Leave Act and the Fair Labor Standards Act.

Nothing in this AGREEMENT is intended to limit or restrict any rights WILSON may have to enforce this AGREEMENT or challenge the AGREEMENT'S validity under the ADEA, or any other right that cannot, by express and unequivocal terms of law, be limited, waived, or extinguished. Moreover, nothing in this Agreement, including but not limited to, the release of claims, the promise not to sue, or the confidentiality obligations, generally prevents Wilson from filing a charge or complaint with or from participating in an investigation or proceeding conducted by the EEOC, NLRB, or any other federal, state or local agency charged with the enforcement of any laws, or from exercising her rights under Section 7 of the NLRA to engage in joint activity with other employees, although by signing this release she is waiving her right to individual relief, including relief brought on her behalf by any third party, except where such a waiver is prohibited.

6. **Tax Liability:** WILSON understands that SIMON PROPERTY GROUP shall issue an IRS Form 1099 for those portions of the payment specified in paragraph 3 of this AGREEMENT that are not subject to withholding. In paying the amount specified in paragraph 3, SIMON PROPERTY GROUP makes no representation regarding the tax consequences or liability arising from said payment. WILSON understands and agrees that any and all tax liability that may be due or become due because of the payment referenced above is her sole responsibility, and that she will pay any such taxes that may be due or become due. SIMON PROPERTY GROUP has no monetary liability or obligation regarding payment whatsoever (other than delivering a valid check in the sum referenced in paragraph 3 of this AGREEMENT to WILSON). WILSON agrees to bear all tax consequences, if any, attendant upon the payment to him/her of the above-recited sums. WILSON further agrees to indemnify and hold SIMON PROPERTY GROUP harmless from and against any tax or tax withholdings claims, amounts, interest, penalties, fines or assessments brought or sought by any taxing authority or governmental agency with regard to the above recited sums. In the event SIMON PROPERTY GROUP receives written notice that any claim or assessments for taxes, withholding obligations, penalties and/or interest arising out of this settlement are being or will be made against SIMON PROPERTY GROUP, SIMON PROPERTY GROUP shall promptly, after receipt of such written notice, notify WILSON by letter sent to counsel for WILSON.

7. **Affirmations:** WILSON represents and affirms that she has been paid and/or received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which she may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits are due her, except as provided for in this AGREEMENT.

8. **No Further Employment:** WILSON permanently, unequivocally, and unconditionally waives any and all rights WILSON may now have, may have had in the past, or may have in the future to obtain or resume employment with SIMON PROPERTY GROUP. WILSON agrees never to apply for employment with SIMON PROPERTY GROUP, its parent, successors, affiliates, and subsidiaries. In the event that WILSON is ever offered, accepts a position, or otherwise becomes

employed by SIMON PROPERTY GROUP, its parent, successors, affiliates, and/or subsidiaries, WILSON agrees to have her offer withdrawn or employment terminated with no resulting claim or cause of action against SIMON PROPERTY GROUP, its parent, successors, affiliates, and/or subsidiaries.

9. **No Assignment:** The Parties represent and warrant that the Parties have the sole right and exclusive authority to execute this AGREEMENT, and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand or legal right that is the subject of this AGREEMENT.

10. **Confidentiality:** In consideration of the obligations under this AGREEMENT, WILSON agrees that this AGREEMENT and the terms and conditions hereof, are strictly, and shall forever remain, confidential, and that neither WILSON nor her heirs, agents, executors, administrators, attorneys, legal representatives or assigns shall disclose or disseminate, directly or indirectly, any information concerning any such terms to any third person(s), including, but not limited to, representatives of the media or other present or former associates of SIMON PROPERTY GROUP, under any circumstances, except WILSON may disclose the terms of this AGREEMENT to her attorney, accountant, tax advisor, the Internal Revenue Service, or as otherwise required by law ("Third Parties"), provided, however, that the Third Parties to whom such disclosure is made shall agree in advance to be bound by the terms of this paragraph 10 and all of its subparts.

    (A) If WILSON is required to disclose this AGREEMENT, its terms or underlying facts pursuant to court order and/or subpoena, WILSON shall notify SIMON PROPERTY GROUP, in writing via facsimile or overnight mail, within 24 hours of her receipt of such court order or subpoena, and simultaneously provide SIMON PROPERTY GROUP with a copy of such court order or subpoena. The notice shall comply with the notice requirements set forth below in paragraph 21. WILSON agrees to waive any objection to SIMON PROPERTY GROUP's request that the document production or testimony be done *in camera* and under seal.

    (B) WILSON acknowledges that a violation of paragraph 10 or any of its subparts would cause immeasurable and irreparable damage to SIMON PROPERTY GROUP in an amount incapable of precise determination. Accordingly, WILSON agrees that SIMON PROPERTY GROUP shall be entitled to injunctive relief in any court of competent jurisdiction for any actual or threatened violation of paragraph 10 and all of its subparts, in addition to any other available remedies.

    (C) The Parties agree that the terms of paragraph 10 and all of its subparts are a material inducement for the execution of this AGREEMENT. Any disclosure or dissemination, other than as described above in paragraph 10 and 10(A) will be regarded as a breach of this AGREEMENT and a cause of action shall immediately accrue for damages and injunctive relief. The Parties agree that damages sustained by such breach would be impractical or extremely difficult to determine and, therefore, agree that in the event that WILSON, or any of the individuals identified in paragraph 10(A), violates this paragraph 10 or any of its subparts, WILSON shall pay SIMON PROPERTY GROUP liquidated damages in the sum of ONE THOUSAND AND 00/100 DOLARS ($1,000.00) for each violation. The Parties further agree that such damages are not intended to be, and shall not be construed as, a penalty.

11. **Non-Disparagement:** WILSON agrees that she will not provide information, issue statements, or take any action, directly or indirectly, that would cause SIMON PROPERTY GROUP embarrassment or humiliation or otherwise cause or contribute to SIMON PROPERTY GROUP being held in disrepute.

12. **Governing Law and Jurisdiction:** This AGREEMENT shall be governed and conformed in accordance with the laws of the state in which WILSON was employed at the time of her last day of employment with SIMON PROPERTY GROUP without regard to its conflict of laws provision. In the event WILSON or SIMON PROPERTY GROUP breaches any provision of this AGREEMENT, WILSON and SIMON PROPERTY GROUP affirm that either may institute an action to specifically enforce any term or terms of this AGREEMENT.

13. **Conditions:** Should WILSON ever breach any provision or obligation under this AGREEMENT, WILSON explicitly agrees to pay all damages (including, but not limited to, litigation and/or defense costs, expenses, and reasonable attorneys' fees) incurred by SIMON PROPERTY GROUP as a result of WILSON's breach. Nothing in this paragraph shall, or is intended to, limit or restrict any other rights or remedies SIMON PROPERTY GROUP may have by virtue of this AGREEMENT or otherwise.

14. **No Admission of Liability:** The parties agree that neither this AGREEMENT nor the furnishing of the consideration for this AGREEMENT shall be deemed or construed at any time for any purpose as an admission by SIMON PROPERTY GROUP of any liability or unlawful conduct of any kind.

15. **Headings:** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

16. **Modification of Agreement:** This AGREEMENT may not be amended, revoked, changed, or modified in any way, except in writing executed by all Parties. WILSON agrees not to make any claim at any time or place that this AGREEMENT has been verbally modified in any respect whatsoever. No waiver of any provision of this AGREEMENT will be valid unless it is in writing and signed by the party against whom such waiver is charged. The parties acknowledge that only an authorized representative of SIMON PROPERTY GROUP has the authority to modify this AGREEMENT on behalf of SIMON PROPERTY GROUP.

17. **Interpretation:** The language of all parts of this AGREEMENT shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This AGREEMENT has been negotiated by and between attorneys for the Parties and shall not be construed against the "drafter" of the AGREEMENT.

18. **Severability:** The parties explicitly acknowledge and agree that the provisions of this AGREEMENT are both reasonable and enforceable. However, if any portion or provision of this AGREEMENT (including, without implication of limitation, any portion or provision of any section of this AGREEMENT) is determined to be illegal, invalid, or unenforceable by any court of competent jurisdiction and cannot be modified to be legal, valid, or enforceable, the remainder of this AGREEMENT shall not be affected by such determination and shall be valid and enforceable to the fullest extent permitted by law, and said illegal, invalid, or unenforceable portion or provision shall be deemed not to be a part of this AGREEMENT. To the extent any provision herein that relates to the dismissal of WILSON's Action or the general release of claims described in paragraph 5 above is deemed to be illegal, invalid, or unenforceable, SIMON

PROPERTY GROUP is not obligated to honor any of the terms set forth herein and WILSON shall return any amounts paid by SIMON PROPERTY GROUP.

19. **Binding Nature of Agreement:** This AGREEMENT shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

20. **Entire Agreement:** This AGREEMENT sets forth the entire AGREEMENT between the parties hereto, and fully supersedes any prior obligation of SIMON PROPERTY GROUP to WILSON. WILSON acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to accept this AGREEMENT, except for those set forth in this AGREEMENT.

21. **Notice Requirements:** Each notice ("Notice") provided for under this AGREEMENT, must comply with the requirements as set forth in this paragraph. Each Notice shall be in writing and sent by facsimile or depositing it with a nationally recognized overnight courier service that obtains receipts (such as Federal Express or UPS Next Day Air), addressed to the appropriate party (and marked to a particular individual's attention, if so indicated) as hereinafter provided. Each Notice shall be effective upon being so telecopied or deposited, but the time period in which a response to any notice must be given or any action taken with respect thereto shall commence to run from the date of receipt of the Notice by the addressee thereof, as evidenced by the return receipt. Rejection or other refusal by the addressee to accept or the inability to deliver because of a changed address of which no Notice was given shall be deemed to be the receipt of the Notice sent. Any party shall have the right from time to time to change the address or individual's attention to which notices to it shall be sent by giving to the other party at least ten (10) days prior Notice thereof. The Parties' addresses for providing Notices hereunder shall be as follows:

SIMON PROPERTY GROUP, L.P.
c/o Patrick G. DeBlasio, IIII, Esq.
Littler Mendelson, PC
333 SE 2nd Ave, Suite 2700
Miami, FL 33131
Tel: (305) 400-7500
Fax: (305) 603-2552

COLETTE WILSON
c/o Jason S. Remer, Esq.
Brody M. Shulman, Esq.
Remer & Georges-Pierre, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
Tel: 305.416.5000

Fax: 305.416.5005

22. **Selective Enforcement:** The Parties agree that the failure of any party to enforce or exercise any right, condition, term, or provision of this AGREEMENT shall not be construed as or deemed a relinquishment or waiver thereof, and the same shall continue in full force and effect.

23. **Voluntary Agreement.** WILSON understands and agrees that she:

   a. has had a reasonable time within which to consider this AGREEMENT before executing it;

   b. carefully read and fully understands all of the provisions of this AGREEMENT, which is written in a manner that WILSON clearly understands;

   c. is, through this AGREEMENT, releasing SIMON PROPERTY GROUP from any and all claims WILSON may have against SIMON PROPERTY GROUP arising before the execution of this AGREEMENT;

   d. knowingly and voluntarily agrees to all of the terms in this AGREEMENT;

   e. knowingly and voluntarily intends to be legally bound by this AGREEMENT; and

   f. consulted with an attorney prior to signing this AGREEMENT.

24. **Compliance with Older Workers Benefit Protection Act**: WILSON, being 40 years of age or older, is advised of and acknowledges the following:

   (A) <u>Release of Age Discrimination in Employment Act Claims.</u> By signing this AGREEMENT, WILSON waives any claims that she has or might have against SIMON PROPERTY GROUP under the Age Discrimination in Employment Act ("ADEA") that accrued prior to the date of her execution of the AGREEMENT.

   (B) <u>Revocation Period.</u> WILSON shall have seven (7) calendar days from the date that she executes this AGREEMENT to revoke the AGREEMENT by notifying SIMON PROPERTY GROUP in writing prior to the expiration of the seven (7) calendar day period. Any revocation within this period must state "I hereby revoke my acceptance of our Confidential General Release and Settlement Agreement and General Release." The written revocation must be personally delivered to SIMON PROPERTY GROUP in the manner prescribed by paragraph 21 above, and must be postmarked within seven (7) calendar days of WILSON execution of this AGREEMENT. This AGREEMENT shall not become effective or enforceable until the revocation period has expired. If the last day of the revocation period is a Saturday, Sunday, or legal holiday, then the revocation period shall not expire until the next following day that is not a Saturday, Sunday, or legal holiday.

**WILSON IS HEREBY ADVISED THAT SHE HAS A REASONABLE TIME TO REVIEW AND CONSIDER THIS AGREEMENT AND IS HEREBY ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT.**

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 3 ABOVE, WILSON FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST SIMON PROPERTY GROUP.

**ACCEPTED AND AGREED:**

**PLAINTIFF**

X By: _/s/ Colette Wilson_   8/28/2014
COLETTE WILSON                Date

**FOR DEFENDANT:**

By: _____   _____
TIMOTHY G. EARNEST, PRESIDENT   Date

Firmwide:128357089.1 079130.1001